**FILED**
AUG 30 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert W. Harrell, in his official capacity as Speaker of the South Carolina House of Representatives, and Glenn F. McConnell, in his official capacity as President Pro Tempore of the South Carolina Senate<br>1100 Gervais Street<br>Columbia, SC 29201-6215<br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>The United States of America<br>U.S. Attorney For the District of Columbia<br>Civil Division<br>4th Floor<br>501 Third Street, N.W.<br>Washington, D.C. 20530<br><br>Eric H. Holder, Jr., in his official capacity as Attorney General of the United States<br>Office of General Counsel<br>Justice Management Division<br>Department of Justice<br>145 N Street, N.E.<br>Washington, D.C. 20530<br>　　　　　　　　　　　　Defendants. | Civil Action No.:<br><br><br><br><br><br><br><br><br>Case: 1:11-cv-01566<br>Assigned To : Sullivan, Emmet G.<br>Assign. Date : 8/30/2011<br>Description: 3-Judge Court |

**COMPLAINT FOR DECLARATORY JUDGMENT
PURSUANT TO THE PROVISIONS OF SECTION 5 OF THE
VOTING RIGHTS ACT OF 1965, AS AMENDED, 42 U.S.C. § 1973C,
AND REQUEST FOR THREE-JUDGE COURT**

Plaintiffs Robert W. Harrell, in his official capacity as Speaker of the South Carolina House of Representatives, and Glenn F. McConnell, in his official capacity as President Pro Tempore of the South Carolina Senate, bring this action for declaratory judgment pursuant to Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c, (hereinafter

"Section 5"), and 28 U.S.C. § 2201, *et seq.* The Plaintiffs respectfully would show the Court the following:

1. This action is filed for the purpose of obtaining a declaratory judgment that H. 3992, a bill signed into law by the Governor of South Carolina on August 1, 2011, satisfies Section 5 of the Voting Rights Act because it has neither the purpose nor the effect of denying or abridging the right to vote on account of race or color, or of diminishing minority voters' ability to elect their preferred candidates of choice, and that H. 3992 may be enforced by Plaintiffs.. H. 3992 creates new district boundaries for electing members of the United States House of Representatives from South Carolina (the "House") and affects the nomination and election of members of the House through a redistricting process that is based on the 2010 decennial population data from the United States Census Bureau ("2010 Census").

## Parties

2. Plaintiffs Robert W. Harrell and Glenn McConnell are the persons expressly authorized and directed by Section 4 of H. 3992 to seek judicial or administrative approval of the Bill as required by Section 5.

3. The United States is a proper Defendant in this action because "[a] State or political subdivision [covered by Section 5] wishing to make use of a recent amendment to its voting laws ... has a concrete and immediate 'controversy' with the Federal Government." *South Carolina v. Katzenbach*, 383 U.S. 301, 335 (1966).

4. Eric H. Holder, Jr. is a proper defendant in his official capacity as the Attorney General of the United States and is principally responsible for enforcing the Voting Rights Act of 1965, including the defense of Section 5 litigation in the United States District Court for the District of Columbia. 42 U.S.C § 1973c(a).

## Jurisdiction and Venue

5. This action is brought pursuant to 42 U.S.C. § 1973c(a) and 28 U.S.C. § 2201, under which this Court is authorized to issue the declaratory judgment Plaintiffs seek. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1973c and 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to Section 5, 42 U.S.C. § 1973c, and 28 U.S.C. § 2284.

## Three-Judge Panel Required and Requested

7. Because the State of South Carolina is a covered jurisdiction under the Voting Rights Act of 1965, *see* 28 C.F.R. Pt. 51, App., changes to the districts from which members of the United States House of Representatives are elected are subject to Section 5. Section 5 provides that no voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force or effect on November 1, 1964 may be enforced unless and until the State (a) obtains a declaratory judgment from this Court that the qualification, prerequisite, standard, or procedure has neither the purpose nor the effect of denying or abridging the right to vote on account of race or color, or in contravention of the guarantees set forth in 42 U.S.C. §1973b(2); or (b) submits the qualification, prerequisite, standard, or procedure to the Attorney General for administrative review and preclearance and an objection is not interposed to the State's enforcement of the qualification, prerequisite, standard, or procedure.

8. This action is properly determinable by a district court of three judges in accordance with 42 U.S.C. § 1973c and 28 U.S.C. § 2284.

9. Simultaneously with the filing of this Complaint, Plaintiffs are seeking administrative Section 5 preclearance. Substantial factual information regarding the voting

changes at issue has been presented to Defendants in connection with the administrative Section 5 submission.

## **Factual Allegations**

10. The 2010 Census reveals that South Carolina's population has increased to a total of 4,625,364 persons, which represents a 15.3% increase in total population in South Carolina over the 2000 South Carolina population of 4,012,012.

11. The residents of South Carolina currently are entitled to elect a total of six representatives to the United States House of Representatives. Due to the population increase reflected in the 2010 Census, South Carolina residents now are entitled to elect seven representatives to the United States House of Representatives.

12. Article I, § 2 of the United States Constitution requires that a census of the United States be conducted every ten years and that Representatives be chosen "by the People of the several States."

13. Section 2 of the Fourteenth Amendment to the United States Constitution requires that members of the United States House of Representatives be apportioned among the states according to their respective population numbers.

14. The United States Supreme Court has held that "as nearly as practicable one man's vote in a congressional election is to be worth as much as another's." *Wesberry v. Sanders*, 376 U.S. 1, 7-8 (1964).

15. In adherence to these Constitutional and legal requirements and following lengthy debates and the adoption of numerous amendments, H. 3992 was passed by the South Carolina House of Representatives and the South Carolina Senate and enrolled on July 26, 2011.

16. The General Assembly adopted H. 3992 after soliciting and receiving input from South Carolina voters and debating the merits of various plans. Prior to the General Assembly's consideration of H. 3992, the House Election Laws Subcommittee held nine public hearings in various cities across the State.

17. Acting on the public input, the House Election Laws Subcommittee adopted guidelines and criteria for congressional and legislative redistricting. The Subcommittee determined that any redistricting plan must comply with the United States Constitution and the Voting Rights Act of 1965, and established specific criteria to which the plans must adhere.

18. The Senate held ten public hearings across the State. After receiving public testimony, the Senate Judiciary Committee adopted Redistricting Guidelines for 2011. These guidelines mandated compliance with the United States Constitution and the Voting Rights Act of 1965.

19. After considering and debating the merits of various plans, the General Assembly enacted a plan that ultimately had strong support in both houses of the General Assembly.

20. H. 3992 was ratified on July 26, 2011, and was signed into law by Governor Nikki Randhawa Haley on August 1, 2011. Thus, the law is now ready for preclearance.

21. No part of H. 3992 can be implemented by the Plaintiffs until this Court enters a declaratory judgment as requested by Plaintiffs, or until the Attorney General indicates that he will not interpose an objection to implementation of H. 3992.

22. H. 3992 is ripe for a determination that the plan has neither the purpose nor the effect of denying or abridging the right to vote on account of race or color, and does not lead to a retrogression in the position of racial minorities or diminish their ability to elect their preferred candidates of choice on account of race.

23.   It is important that the Court acts upon Plaintiffs' claims at the earliest practicable date. The election for the United States House of Representatives must be filled by election every two years, and the next election will occur on November 6, 2012. The candidate filing period for the 2012 election will open on March 16, 2012, and close on March 30, 2012. The state primary elections will be held on June 12, 2012, and any run-off primary elections will be held on June 26, 2012. Therefore, in order to preserve the existing election calendar, it is necessary that this Court consider and decide this controversy prior to the opening of the candidate filing period.

### Count I

24.   Each and every allegation contained in paragraphs one through twenty-three is reaffirmed and realleged as if fully incorporated herein.

25.   The last judicially approved Congressional redistricting plan in South Carolina (2002) had one majority-minority district, which maintained its status after the 2010 Census Data was applied to the 2002 redistricting plan ("Benchmark Plan").

26.   H. 3992, when compared to the Benchmark Plan, retains the number of majority-minority districts sustained in the Benchmark Plan and, thus, does not lead to retrogression in the position of racial minorities with respect to their effective exercise of the electoral franchise or diminish their ability to elect their preferred candidates of choice, and does not otherwise have the effect of denying or abridging the right to vote on account of race or color.

27.   H. 3992 does not have the purpose of denying or abridging the right to vote on account of race or color.

28.   In addition to complying with the United States Constitution, the South Carolina Constitution, and the Voting Rights Act of 1965, H. 3992 adheres to legitimate state redistricting

policies, including contiguity, compactness, maintaining communities of interests, and protecting incumbency.

29. Plaintiffs are entitled to a judgment that H. 3992 fully complies with Section 5 of the Voting Rights Act of 1965, as amended, and that H. 3992 may be implemented without further delay.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Convene a three-judge district court to hear the matters raised in Plaintiffs' Complaint;

(b) Issue such orders and convene such conferences as may be necessary on an expedited basis to ensure that what little discovery may be necessary in this action be taken and completed as expeditiously as possible;

(c) Enter such other and further orders as may be necessary during the pendency of this case to ensure that it is handled as expeditiously as possible;

(d) Enter a declaratory judgment that H. 3992 satisfies Section 5 of the Voting Rights Act because it has neither the purpose nor the effect of denying or abridging the right to vote on account of race or color, or of diminishing minority voters' ability to elect their preferred candidates of choice, and that H. 3992 may be enforced by Plaintiffs; and

(e) Grant Plaintiffs such other and further relief as may be appropriate, including the costs of this action.

*Signature page follows*

Respectfully submitted,

**BAKER HOSTETLER**

_____
E. Mark Braden
D.C. Bar No. 419915
mbraden@bakerlaw.com
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036-5304
(202) 861-1504

*Attorneys for Plaintiff Robert W. Harrell*

**JONES DAY**

_____
Michael A. Carvin
D.C. Bar No. 366784
macarvin@jonesday.com
Louis K. Fisher
D.C. Bar No. 475502
lkfisher@jonesday.com
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-7643

*Attorneys for Plaintiff Glenn F. McConnell*

OF COUNSEL:

**SOWELL GRAY STEPP & LAFFITTE, L.L.C.**

Robert E. Stepp
Fed. I.D. No.: 4302
rstepp@sowellgray.com
Robert E. Tyson, Jr.
Fed. I.D. No.: 7815
rtyson@sowellgray.com
1310 Gadsden Street
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400

**WILLOUGHBY & HOEFER, P.A.**

Benjamin P. Mustian
Fed. I.D. No.: 9615
bmustian@willoughbyhoefer.com
Tracey Green
Fed. I.D. No.: 6644
tgreen@willoughbyhoefer.com
930 Richland Street
Columbia, South Carolina 29202
(803) 252-3300

***Attorneys for Plaintiff Robert W. Harrell***